FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERRIS DESHUNE CARPENTER,

    Defendant - Appellant.

No. 25-2104
(D.C. No. 2:25-CR-01815-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

Derris Deshune Carpenter pled guilty to conspiracy to transport an illegal alien. The district court sentenced him to 10 months in prison, and he filed a notice of appeal. The government has now moved to enforce the appeal waiver in his plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). Mr. Carpenter's counsel filed a response to the motion and moved to withdraw, citing *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel stated, "he has conscientiously examined this case and the record" and he found any opposition to the government's motion to enforce "to be wholly frivolous." Resp. at 11.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Consistent with *Anders*, 386 U.S. at 744, we gave Mr. Carpenter the opportunity to file a pro se response. His response was initially due on February 10, 2026, and we sua sponte extended the deadline to February 25, 2026, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

As required by *Anders*, we fully examined all the proceedings. *See* 386 U.S. at 744. After doing so, we agree there is no non-frivolous basis to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw as Mr. Carpenter's attorney.

Entered for the Court

Per Curiam